No. 95–1830. GOMEZ, DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS, ET AL. *v.* FIERRO ET AL. C. A. 9th Cir. Motion of Pacific Legal Foundation for leave to file a brief as *amicus curiae* granted. Motion of respondents for leave to proceed *in forma pauperis* granted. Certiorari granted, judgment vacated, and case remanded for further consideration in light of Cal. Penal Code Ann. § 3604 (West Supp. 1996).

JUSTICE STEVENS, with whom JUSTICE BREYER joins, dissenting.

There are powerful reasons for concluding capital cases as promptly as possible. Delay in the execution of judgments imposing the death penalty frustrates the public interest in deterrence and eviscerates the only rational justification for that type of punishment.[1] From the standpoint of the defendant, the delay can become so excessive as to constitute cruel and unusual punishment prohibited by the Eighth Amendment.[2] Unfortunately,

---

[1] See, *e. g.*, Kozinski & Gallagher, Death: The Ultimate Run-On Sentence, 46 Case W. Res. L. Rev. 1, 4 (1995) ("Whatever purposes the death penalty is said to serve—deterrence, retribution, assuaging the pain suffered by victims' families—these purposes are not served by the system as it now operates"); Powell, Commentary: Capital Punishment, 102 Harv. L. Rev. 1035 (1989) ("[Y]ears of delay between sentencing and execution . . . undermin[e] the deterrent effect of capital punishment and reduc[e] public confidence in the criminal justice system").

[2] See *Lackey* v. *Texas*, 514 U. S. 1045 (1995) (STEVENS, J., respecting denial of certiorari); *Furman* v. *Georgia*, 408 U. S. 238, 312 (1972) (White, J., concurring in judgment) (noting that when the death penalty "ceases realistically to further [the aims of deterrence and retribution] its imposition would then be the pointless and needless extinction of life with only marginal con-

however, the Court has exhibited a callous indifference to these concerns, first by refusing to hear the claims of two inmates who have suffered under a "sword of Damocles" since they were first sentenced to death in 1978 and 1979,[3] and now by ordering a remand that can serve no purpose other than to delay the conclusion of these cases.

The Court of Appeals for the Ninth Circuit has held that these two respondents may be put to death by lethal injection, but that using the gas chamber to carry out the sentence is constitutionally impermissible. *Fierro v. Gomez*, 77 F. 3d 301, 309 (1996). Subsequent to that decision the California Legislature amended the State's death penalty statute to provide that lethal injections should be used to carry out death sentences unless the defendant requests that the State use the gas chamber. See Cal. Penal Code Ann. §3604(b) (West Supp. 1996). Thus, under either the terms of the new statute or the terms of the judgment of the Court of Appeals, lethal injections will be used to carry out these respondents' sentences. It seems perfectly clear that nothing but delay will be accomplished by this Court's decision to vacate the judgment of the Court of Appeals and to remand for further proceedings in the light of the new statute. I therefore respectfully dissent.

---

tributions to any discernible social or public purposes. A penalty with such negligible returns to the State would be patently excessive and cruel and unusual punishment violative of the Eighth Amendment").

[3] See *Lackey v. Johnson, ante,* p. 911 (October 7, 1996) (order denying cert.); *White v. Johnson, ante,* p. 911 (October 7, 1996) (same). Sadly, in refusing to hear these claims, the Court turns a deaf ear to an argument that courts in other countries have found persuasive. See, *e. g., State v. Makwanyane & Mchunu,* Case No. CCT/3/94 (So. Afr. Const. Ct. June 6, 1995); *Pratt v. Attorney General of Jamaica,* [1994] 2 A. C. 1, 4 All E. R. 769 (P. C. 1993) (en banc).