**John Earl BOOKER, James Billiot, by his Next Friend Samuel Bice Johnson, Alvin Hill, Mack Arthur King, Howard Neal, by his Next Friend Samuel Reece Sheppard, Plaintiffs,**

**v.**

**J. Stewart MURPHY, as an Individual and in his Capacity as Commissioner, Mississippi Department of Corrections, and Ed Hargett, as an Individual and in his Capacity as Superintendent of the Mississippi State Penitentiary, at Parchman, Mississippi, and John Doe, as an Individual and in his Official Capacity as the Mississippi State Executioner, Defendants.**

Civil Action No. 3:95–CV–49BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 6, 1997.

---

**6.** The court again notes that these problems were all known before suit was filed.

Robert B. McDuff, Robert B. McDuff, Attorney, Jackson, MS, David J. Utter, David J. Utter, Attorney, Clive A. Stafford–Smith, Louisiana Crisis Assistance Center, New Orleans, LA, for plaintiffs.

John L. Clay, Davis C. Scott, Jr., Norman V. Gillespie, Office of the Attorney General, Jackson, MS, Leonard Charlton Vincent, Mississippi Department of Corrections, Parchman, MS, for defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56, or Alternatively, Motion for Stay filed by the Defendants. Having considered the Motion, the Plaintiffs' Opposition and Defendants' Rebuttal, the Court finds that the Motion should be granted in part and denied in part.

### I. Factual Background and Procedural History

The Plaintiffs are inmates housed by the Mississippi Department of Corrections at its Parchman facility who are sentenced to death by lethal gas in accordance with Miss.Code Ann. § 99–19–51(2).[1] In 1984, the Mississippi Legislature changed the method of execu-

---

1. Plaintiffs Mack Arthur King and Alvin Hill are no longer subject to a sentence of death by lethal gas, as their convictions were previously vacated. *King v. Puckett*, 1 F.3d 280 (5th Cir.1993); *Hill v.* *State*, 659 So.2d 547 (Miss.1994). The Court will address this issue in a subsequent portion of this opinion.

tion for inmates sentenced to death from the lethal gas method to a method of lethal injection. *See* Miss.Code Ann. § 99–19–51 (Rev. 1994). This change applies to inmates who were sentenced after the effective date of the statutory change, which was July 1, 1984. *Id.*

The Plaintiffs filed this action on January 30, 1995, pursuant to 42 U.S.C. § 1983, asserting claims for monetary damages and declaratory injunctive relief. According to the Plaintiffs, death by lethal gas constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. The Plaintiffs are not seeking to overturn their death sentences. Rather, they seek to change the manner in which they will be executed from the lethal gas method to the method of lethal injection.

On February 13, 1995, Plaintiffs filed a Motion to Stay Proceedings on the basis that the Defendants, specifically, the Office of the Attorney General, was seeking to secure the passage of a bill by the Mississippi Legislature which would change the law so that all Mississippi inmates currently sentenced to death would die by lethal injection. Defendants filed a Response on February 14, 1995, agreeing to the stay, and on March 3, 1995, the Court entered an Order staying this matter until the law could be changed by the Mississippi Legislature or until it became clear that there would be no such change in the law.

On July 19, 1996, having received no information from any of the parties in this matter, the Court entered an Order requiring the parties to submit a written status report on or before August 9, 1996. The Defendants submitted a report on August 8, 1996, stating that they had "further attempted to have the necessary legislative action taken in this cause through the Attorney General's legislative liaison with no success to date." Defendants' Report to the Court at 1–2, ¶ 3. Plaintiffs responded by letter from their counsel suggesting that because the Mississippi Legislature had failed to take any action, this case should be put on track for trial preparation. On August 21, 1996, the Court entered an Order lifting the stay in this

matter and directing the parties to contact the United States Magistrate Judge to schedule a Case Management Conference.

The Defendants have now filed a Motion for Summary Judgment asserting that no genuine issues of material fact exist, and that they are entitled to judgment as a matter of law. Alternatively, Defendants request that the case be stayed once again pending the decision by the United States Supreme Court in *Fierro v. Gomez,* 77 F.3d 301 (9th Cir. 1996). The Supreme Court has now vacated the *Fierro* decision, *Gomez v. Fierro,* —— U.S. ——, 117 S.Ct. 285, 136 L.Ed.2d 204 (1996), so this matter is ripe for decision.

II. *Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an

absence of evidence to support the non-moving party's claim. *Id.* at 323–324, 106 S.Ct. at 2552–53. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

■ Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir.1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

### III. *Analysis*

The Defendants have asserted several bases for relief in their Motion for Summary Judgment. The Court will address each of those issues separately.

### A. *Standing*

■ Defendants assert that Plaintiffs Alvin Hill and Mack Arthur King lack standing to bring this suit because they are no longer subject to execution by lethal gas. As noted previously, the death sentences for both Hill and King were vacated. Thus, any death sentence which might be (or has been)[2] imposed upon these two Plaintiffs will be after the effective date of the Mississippi statute providing for death by lethal injection. Plaintiffs concede this issue by stating that they accept the Defendants' assurance that neither Hill nor King will be executed by using lethal gas. The Court agrees with both parties that because the death sentences of Hill and King have been previously vacated, neither of these Plaintiffs has standing to bring this action. For this reason, both Hill and King are hereby dismissed from this case.

**2.** The parties have not stated whether Hill and King have been resentenced by the State of Mis-

### B. *Res Judicata—Death by Lethal Gas as a Constitutional Means of Execution*

■ Defendants assert that the doctrine of *res judicata* applies to the Plaintiffs' claim that death by lethal gas is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiffs respond that *res judicata* cannot bar this action because there has been no litigation between the parties involved in this matter. The Court agrees with the Plaintiffs that the doctrine of *res judicata* has no application to this case.

What Defendants appear to be asserting through their *res judicata* argument is that there are no genuine issues of material fact in this case and that binding precedent in the United States Court of Appeals for the Fifth Circuit requires the Court to dismiss this case as a matter of law. Defendants rely upon the case of *Gray v. Lucas,* 710 F.2d 1048, 1060–61 (5th Cir.1983), for this proposition.

Plaintiffs argue that *Gray* was a habeas corpus case which was decided thirteen years ago, and that no evidentiary hearing was held in that case to present testimony which would have supported the petitioner's argument that death by lethal gas is a cruel and unusual form of punishment. Plaintiffs further assert that when *Gray* was decided, there were at least ten states, including Mississippi, mandating this sort of punishment. According to the Plaintiffs, at present, there are only three people in Mississippi, the United States and even the entire world, who are sentenced to die by lethal gas, and those three people are the Plaintiffs in this matter. Plaintiffs argue that there is at least a genuine issue of material fact, precluding summary judgment at this stage, concerning whether death by lethal gas remains a viable and constitutional form of punishment in the United States.

The standard for establishing whether a particular action constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitu-

sissippi.

tion was set forth succinctly in *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976):

> [T]he [Eighth] Amendment proscribes more than physically barbarous punishments. . . . The Amendment embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency . . . against which we must evaluate penal measures. Thus, we have held repugnant to the Eighth Amendment *punishments which are incompatible with the evolving standards of a maturing society,* . . . or which involve unnecessary and wanton infliction of pain. . . .

*Id.* at 102–03, 97 S.Ct. at 290 (emphasis added) (citations and internal quotations omitted). At least one other circuit, the United States Court of Appeals for the Ninth Circuit, has held that under this standard, the method of execution of death by lethal gas violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Fierro v. Gomez,* 77 F.3d 301, 309 (9th Cir. 1996). The *Fierro* court concluded as follows:

> The district court's findings of extreme pain, the length of time this extreme pain lasts, and the substantial risk that inmates will suffer this extreme pain for several minutes require the conclusion that execution by lethal gas is cruel and unusual. Accordingly, we conclude that execution by lethal gas under the California protocol is unconstitutionally cruel and unusual and violates the Eighth and Fourteenth Amendments.

*Id.* Subsequent to this opinion, the California Legislature amended the California death penalty statute to provide that lethal injection would be used to execute inmates sentenced to death unless the inmate chooses to die by lethal gas. *See* Cal.Penal Code § 3604(b). In light of this change in the law, the United States Supreme Court vacated the *Fierro* decision and remanded the case "for further consideration in light of Cal.Penal Code Section 3604." *Gomez v. Fierro,*

—— U.S. ——, 117 S.Ct. 285, 136 L.Ed.2d 204 (1996).

The Court finds that genuine issues of material fact exist concerning whether execution by lethal gas remains a constitutionally viable form of punishment. Historically, the United States Supreme Court has considered several factors in determining whether a given punishment is cruel and unusual including "historical development of the punishment at issue, legislative judgments, international opinion, and the sentencing decisions juries have made before bringing its own judgment to bear on the matter." *Enmund v. Florida,* 458 U.S. 782, 788–89, 102 S.Ct. 3368, 3372, 73 L.Ed.2d 1140 (1982); *see also Penry v. Lynaugh,* 492 U.S. 302, 331, 109 S.Ct. 2934, 2953, 106 L.Ed.2d 256 (1989) (concluding that "[t]he clearest and most reliable objective evidence of contemporary values is the legislation enacted by the country's legislatures"). In light of these holdings, and the fact that the three remaining Plaintiffs are the only three persons in the world who are subject to execution by lethal gas, the Court finds that testimony concerning this form of punishment is necessary in this matter to determine the continued validity of death by lethal gas.

### C. Eleventh Amendment and Qualified Immunity

Defendants assert that because they are being sued in their official capacity, the suit is essentially against the State of Mississippi, and is therefore barred by Eleventh Amendment immunity. Defendants also assert that they are entitled to qualified immunity in their individual capacities. Finally, Defendants assert that they lack any personal involvement with the planning or preparation for the execution of inmates sentenced to death, and should therefore be dismissed due to such lack of personal involvement.[3]

■ Plaintiffs assert that because Defendants are only seeking immunity from monetary damages, the relief which they seek in their Motion would entitle them only to partial summary judgment. Plaintiffs note that they are primarily seeking prospective in-

---

**3.** Defendants do not address the issue of prospective injunctive relief. The Court therefore assumes that Defendants concede that such relief may be granted by this Court against them if the

Plaintiffs are ultimately successful in their challenge to the death by lethal gas method of execution.

junctive relief. However, Plaintiffs do not confess the issue of monetary damages, asserting that the Defendants are not subject to qualified immunity in this matter.

With regard to the issue of qualified immunity, the standard for imposing liability is clear:

> The first step is to determine whether the plaintiff has alleged the violation of a constitutional right.... If plaintiff has alleged a constitutional violation, the next step is to decide if the right was clearly established at the time the challenged conduct occurred and whether the defendant's conduct was objectively reasonable.

*Hale v. Townley,* 45 F.3d 914, 917 (5th Cir. 1995). While this standard is familiar to both sets of litigants, both Plaintiffs and Defendants have overlooked the obvious in this matter. The Plaintiffs would only be able to recover monetary damages if and when a constitutional violation occurs. The alleged constitutional violation here is death by lethal gas. The Court has previously concluded that genuine issues of material fact exist concerning the constitutionality of death by lethal gas. In the event the Court concludes that this method of execution is in fact unconstitutional, then the Plaintiffs will not suffer any monetary damages because they will not be executed by such a method. In the event the Court concludes that death by lethal gas is a constitutional method of execution, then the Plaintiffs will have failed in the first prong of the test by failing to allege a constitutional violation. In any event, the Plaintiffs in this matter are not entitled to monetary damages.[4]

### D. *Habeas Corpus v. Section 1983*

■ Defendants assert that this action brought pursuant to 42 U.S.C. § 1983 should be dismissed because Plaintiffs are essentially seeking habeas relief. Plaintiffs assert, however, that they are seeking relief from the manner in which their sentence will be carried out, not complete relief from the sentence of death. Such relief, according to the Plaintiffs, is cognizable under section 1983.

■ To bring an action pursuant to 42 U.S.C. § 1983, Plaintiffs must allege "(1) a violation of a right secured by the Constitution or federal law, and (2) that this right was violated by someone acting under color of state law." *Fierro,* 77 F.3d at 303–04 (citing 42 U.S.C. § 1983). The *Fierro* court recognized the holding in *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and concluded that the purpose of habeas corpus is "to allow an inmate seeking 'immediate or more speedy release' to challenge his confinement." *Fierro,* 77 F.3d at 304 (quoting *Preiser,* 411 U.S. at 494, 93 S.Ct. at 1838). Because the *Fierro* plaintiffs were challenging the manner in which their sentence would be carried out, the court concluded that the plaintiffs could proceed under section 1983.

Defendants in this case rely on *Preiser* and *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), to support their argument that this case should be brought pursuant to 28 U.S.C. § 2254, the habeas statute. In *Heck,* the United States Supreme Court held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck,* 512 U.S. at 486–87, 114 S.Ct. at 2372. Thus, according to Defendants, because the Plaintiffs are asserting claims which relate to

---

4. The Court need not address the issue of the personal involvement of the named Defendants. Because the Court has concluded that Plaintiffs may only obtain prospective injunctive relief, such relief would be granted against the Defendants in their official capacities. In any event, out of an abundance of caution, Plaintiffs moved to substitute James Anderson in place of Ed Hargett as a Defendant because Anderson has taken the place of Hargett as the Superintendent of the Mississippi State Penitentiary at Parchman, Mississippi. The Court granted that Motion by Order dated January, 24, 1997.

their sentences, such claims should be brought as habeas claims, rather than pursuant to section 1983.

The Court disagrees with the Defendants. In fact, on at least two occasions, the United States Court of Appeals for the Fifth Circuit has considered challenges concerning the manner of execution and time of execution of various inmates sentenced to death. *See Byrne v. Roemer,* 847 F.2d 1130, 1133 (5th Cir.1988) (addressing the merits of the plaintiff's section 1983 claim, challenging the timing of his execution, that a Louisiana statute requiring an execution date to be set within 45 days of the dissolution of a stay of execution order is unconstitutional because under 28 U.S.C. § 2101(c), a petitioner has 90 days to file an application with the United States Supreme Court for a writ of certiorari to review a lower court decision); *O'Bryan v. McKaskle,* 729 F.2d 991, 993 (5th Cir.1984) (addressing the merits of the plaintiff's section 1983 claim that death by lethal injection is cruel and unusual because the drugs used to cause such death have not been approved by the Food and Drug Administration as being "safe and effective for their intended use"); *see also Sullivan v. Dugger,* 721 F.2d 719, 720 (11th Cir.1983) (concluding that plaintiff's claim challenging the manner of his death by execution "does not challenge the fact or nature of his sentence or the state's right to execute him thus distinguishing this § 1983 action from one brought under 28 U.S.C. § 2254"). The Court is thus persuaded that the Plaintiffs' challenge in this case to the manner in which their sentence of death will be carried out, that is, by lethal gas, is properly cognizable under section 1983. Defendants' motion to dismiss based upon this theory is therefore denied.[5]

### IV. *Conclusion*

For the reasons set forth in this opinion, the Court finds that genuine issues of material fact exist concerning the continued constitutional validity of carrying out a death sentence by using the lethal gas method. The Court further finds that Plaintiffs in this matter may only seek prospective injunctive relief for the reasons set forth previously in this opinion, and, accordingly, that each of the named Defendants is dismissed in his individual capacity.

IT IS THEREFORE ORDERED that the Defendants' Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56, or Alternatively, Motion for Stay should be and hereby is granted in part and denied in part as more fully set forth in this Opinion and Order.

SO ORDERED.

---

5. Defendants also sought a stay of this matter pending the decision by the Supreme Court in *Fierro.* Defendants now concede their request

for a stay because that case has been decided. *See Fierro,* —— U.S. ——, 117 S.Ct. 285, 136 L.Ed.2d 204 (1996).