147 F.3d 1158
 98 Cal. Daily Op. Serv. 5304, 98 Daily Journal
D.A.R. 7455
David FIERRO; Alejandro Gilbert Ruiz; and Robert Alton
Harris, as individuals and on behalf of themselves
and all others similarly situated,
Plaintiffs-Appellees,
v.
C.A. TERHUNE,* as an individual and in his
capacity as Director, California Department of Corrections;
and Arthur Calderon, as an individual, and in his capacity
as Warden of San Quentin Prison, Defendants-Appellants.
 No. 94-16775.
 United States Court of Appeals,
Ninth Circuit.
 July 6, 1998.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 Opinion by Judge T.G. NELSON; Dissent by Judge PREGERSON.
 T.G. NELSON, Circuit Judge:
 
 
 1
 The three plaintiffs in this case, all California inmates sentenced to death, brought this action under 42 U.S.C. § 1983, alleging that California's method of execution, lethal gas, constitutes cruel and unusual punishment and thus violates the Eighth and Fourteenth Amendments of the Constitution. The district court held that, to the extent that the relevant California statute, Cal.Penal Code § 3604, provides for execution by lethal gas, it is cruel and unusual punishment. We affirmed. Fierro v. Gomez, 77 F.3d 301 (9th Cir.1996). Subsequent to our decision, the California legislature amended its death penalty statute. The United States Supreme Court granted the State's petition for a writ of certiorari, vacated our judgment, and remanded to us for further consideration in light of the amended statute. We now remand this case to the district court with instructions that the district court vacate its judgment subject to reinstatement on the motion of a death row inmate who has standing and presents a ripe claim.BACKGROUND
 
 
 2
 On April 17, 1992, David Fierro, Alejandro Gilbert Ruiz, and Robert Alton Harris, the plaintiffs in this case, filed this Section 1983 action. Fierro v. Gomez, 790 F.Supp. 966 (N.D.Cal.1992) ("Fierro I "). Harris was scheduled to be executed in California's gas chamber on April 21, 1992, four days later. The State's primary argument was that the district court did not have jurisdiction under Section 1983 to hear the action because a death row inmate's challenge to the method of execution must be brought as a petition for writ of habeas corpus rather than as a Section 1983 civil rights action. Fierro I, 790 F.Supp. at 968.
 
 
 3
 The district court held that it had jurisdiction under Section 1983 because the plaintiffs were not challenging the fact or duration of their sentences and were therefore not required to bring their claims as habeas petitions. Id. at 968-69. The district court then granted the plaintiffs' motion for a temporary restraining order enjoining the State from executing any California death row inmate by legal gas. Id. at 971.
 
 
 4
 Following the State's appeal, we vacated the district court's temporary restraining order. Gomez v. United States Dist. Court, No. 92-70237, 1992 WL 155238 (9th Cir. Apr.20, 1992), vacated as moot and withdrawn, 966 F.2d 463 (9th Cir. May 5, 1992). Subsequent stays entered by this court were vacated by the Supreme Court.
 
 
 5
 Meanwhile, on April 21, 1992, Harris filed a petition for writ of habeas corpus with the California Supreme Court, challenging the constitutionality of execution by lethal gas under both the federal and California constitutions. Over one dissent, the California Supreme Court denied the petition, citing its previous decisions concluding that execution by lethal gas was constitutional. In re Robert Alton Harris, No. S026235 (Cal.Sup.Ct.1992) (in bank). On the morning of April 21, 1992, Harris was executed in San Quentin's gas chamber. Fierro and Ruiz remain on California's death row.
 
 
 6
 At the time of Harris's execution, California's sole method of execution was the "administration of a lethal gas." Cal.Penal Code § 3604 (West 1982). Shortly after the execution, the State amended Section 3604, adding lethal injection as an alternative means of execution. As amended, the statute read:
 
 
 7
 If a person under sentence of death does not choose either lethal gas or lethal injection within 10 days after the warden's service upon the inmate of an execution warrant issued following the operative date of this subdivision, the penalty of death shall be imposed by lethal gas.
 
 
 8
 Cal.Penal Code § 3604(b) (West Supp.1995). Therefore, the default method of execution in California, should an inmate fail to choose a method of execution, was lethal gas.
 
 
 9
 In October and November 1993, the district court held an eight-day bench trial on the plaintiffs' original Section 1983 action. Fierro v. Gomez, 865 F.Supp. 1387, 1389 (N.D.Cal.1994) ("Fierro II "). In Fierro II, the district court concluded that "California Penal Code § 3604, to the extent that it requires or permits the imposition of death by administration of lethal gas, violates the eighth and fourteenth amendments of the United States Constitution." Id. at 1415. The court enjoined the State from using lethal gas to execute either of the two remaining plaintiffs or any other California death row inmate. Id.
 
 
 10
 Following the State's appeal, we affirmed, Fierro v. Gomez, 77 F.3d 301 (9th Cir.1996), concluding (1) that a death row inmate may challenge the method of execution under Section 1983, and (2) that "execution by lethal gas under the California protocol is unconstitutionally cruel and unusual and violates the Eighth and Fourteenth Amendments." Id. at 306, 309.
 
 
 11
 After our opinion was filed, the California legislature amended Section 3604, the State's death penalty statute, yet again. As filed on July 1, 1996, the amended statute read:
 
 
 12
 If a person under sentence of death does not choose either lethal gas or lethal injection within 10 days after the warden's service upon the inmate of an execution warrant issued following the operative date of this subdivision, the penalty of death shall be imposed by lethal injection.
 
 
 13
 Cal.Penal Code § 3604(b) (West Supp.1996) (emphasis added). Therefore, the new default method of execution in California, should an inmate fail to choose a method of execution, is lethal injection.
 
 
 14
 On October 15, 1996, the Supreme Court granted the State's petition for a writ of certiorari, vacated our previous judgment, and remanded the case to us "for further consideration in light of Cal.Penal Code Section 3604." Gomez v. Fierro, --- U.S. ----, ----, 117 S.Ct. 285, 285, 136 L.Ed.2d 204 (1996). Justice Stevens, joined by Justice Breyer, dissented, faulting the Court's "callous indifference" to the "public interest in deterrence" and the inmates' interest in preventing "delay [that] can become so excessive as to constitute cruel and unusual punishment." Id. Justice Stevens wrote: "It seems perfectly clear that nothing but delay will be accomplished by this Court's decision to vacate the judgment of the Court of Appeals and to remand for further proceedings in the light of the new statute." Id. at 286.
 
 DISCUSSION
 
 15
 Having reviewed the terms of the new California death penalty statute, it becomes clear that we are now faced with two death row inmates challenging California's method of execution by lethal gas, neither of whom is, at the moment at least, subject to execution by lethal gas. Applying the amended statute, both Fierro and Ruiz will be executed by lethal injections because, at this time, neither inmate has exercised his "opportunity to elect" execution by lethal gas "within 10 days after the warden's service upon the inmate of an execution warrant issued following the operative date of this subdivision." Cal.Penal Code § 3604(b) (West Supp.1996). Because neither plaintiff has chosen lethal gas as his method of execution within the terms of California's amended death penalty statute, neither plaintiff has standing to challenge the constitutionality of execution by lethal gas and the plaintiffs' claims are not ripe for decision. See Poland v. Stewart, 117 F.3d 1094, 1104 (9th Cir.1997) (reviewing an identical Arizona statute and holding that the claim was not ripe because "Poland has not yet chosen lethal gas as the method of execution to be used in his case"); Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 61 (9th Cir.1994) (regarding standing).
 
 
 16
 Of course, there may come a time when Fierro and Ruiz will be given an opportunity to choose their respective methods of execution, and one or both of them may elect to have their death sentences imposed by lethal gas. Or another similarly situated California death row inmate may, sometime in the relatively near future, elect to be executed by lethal gas. In such a case, the plaintiff or plaintiffs would then have standing and present a ripe claim for decision challenging the constitutionality of California's method of execution by lethal gas. Therefore, we REMAND this case to the district court with instructions to vacate its previous judgment, subject to reinstatement on the motion of a California death row inmate or inmates who have standing and present a ripe claim for decision.
 
 
 17
 REMANDED WITH INSTRUCTIONS.
 
 PREGERSON, Circuit Judge, dissenting:
 
 18
 The law has pulled a fast one with the ripeness doctrine. Both the district court and this court found that execution by gas is cruel and unusual punishment. See Fierro v. Gomez, 865 F.Supp. 1387, 1415 (N.D.Cal.1994); Fierro v. Gomez, 77 F.3d 301, 309 (9th Cir.), cert. granted, vacated, --- U.S. ----, 117 S.Ct. 285, 136 L.Ed.2d 204 (1996). By refusing to address the merits of this case, we are compounding the cruelty by precluding a condemned individual from challenging the legality of his punishment unless he first chooses an unconstitutional method of execution. This is a cruel hoax. I therefore dissent.
 
 
 
 *
 C.A. Terhune is substituted for James Gomez, his predecessor, as Director, California Department of Corrections, pursuant to Fed. R.App. P. 43(c)