Herbert OWENS, Petitioner–Appellant,

v.

Suzan HUBBARD, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 01–16957.

D.C. No. CV–01–00127–WBS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2003.

Submission Vacated June 24, 2003.

Resubmitted July 11, 2003.

Decided July 15, 2003.

Before T.G. NELSON and HAWKINS, Circuit Judges, and ZILLY,* District Judge.

MEMORANDUM **

Herbert Owens appeals the district court's dismissal of his petition for writ of habeas corpus.[1] Because the facts are known to the parties, we do not recite them here. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we reverse.

The district court correctly concluded that Owens should have brought his claims under § 1983 rather than as a habeas petition. "[H]abeas jurisdiction is absent, and a § 1983 action [is] proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."[2] However, the dis-

---

* The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review de novo the district court's dismissal of a habeas petition. Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir.1999).

2. See Ramirez v. Galaza, 334 F.3d 850, 859, 2003 WL 21478630, at *7 (9th Cir. June 27,

2003). We note that our recent holding in Ramirez eliminates Owens' primary concern with bringing his claim under § 1983: the application of the favorable termination rule from Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Ramirez, we held "that the favorable termination rule does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement." 2003 WL 21478630, at *6 (emphasis added).

trict court erred in summarily dismissing Owens' claim. Summary dismissal is appropriate in very limited circumstances, and this is not one of them.[3] Thus, we reverse and remand to allow the district court to reconstrue Owens' petition as a civil rights claim[4] or to allow Owens the opportunity to amend.[5]

REVERSED AND REMANDED.

---

**3.** *Franklin v. Oregon,* 662 F.2d 1337, 1340, 1348 (9th Cir.1981) (holding that the district court erred in summarily dismissing a § 1983 complaint that should have been brought as a habeas petition).

**4.** *Fierro v. Gomez,* 77 F.3d 301, 305 (9th Cir.) ("[A] federal court may construe a § 1983 action as a habeas petition, or a habeas petition as a § 1983 action.") (internal citation omitted), *vacated and remanded on other grounds,* 519 U.S. 918, 117 S.Ct. 285, 136 L.Ed.2d 204 (1996). *Cf. Franklin,* 662 F.2d at

1347–48 & n. 13 (holding (1) that the district court properly construed one § 1983 claim as a habeas petition, but improperly summarily dismissed it, and (2) that the district court should have construed another § 1983 claim as a habeas petition).

**5.** *Eldridge v. Block,* 832 F.2d 1132, 1135–37 (9th Cir.1987).

