**UNITED STATES of America,**

v.

**George LAMB, Appellant.**

Nos. 01–4073, 01–4178, 01–4266.

United States Court of Appeals,
Third Circuit.

Submitted Sept. 19, 2002.

Decided Oct. 16, 2002.

Before SCIRICA, ALITO and MCKEE,
Circuit Judges.

OPINION OF THE COURT

SCIRICA, Circuit Judge.

On May 7, 2001, George Lamb pleaded guilty to attempted possession of Phenyl–2–Propane ("P2P") with intent to manufacture methamphetamine in violation of 21 U.S.C. § 846.[1] On October 15, 2001, Lamb moved to withdraw his guilty plea. After an evidentiary hearing, the District Court denied his motion, and sentenced Lamb to eighty-seven months' imprisonment, three years' supervised release, a $15,000 fine and a $100 special assessment.[2] For the following reasons, we will affirm the District Court's denial of Lamb's motion to withdraw his guilty plea and the judgment of sentence.

**I.**

Lamb asserts his guilty plea should be invalidated. We disagree. Because issues

---

1. Lamb was originally charged in superseding indictments for: (1) conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846; (2) distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1); (3) attempt to possess P2P with intent to manufacture methamphetamine in violation of 21 U.S.C. § 846; and (4) aiding and abetting in violation of 18 U.S.C. § 2. The government agreed to drop counts (1), (2) and (4) in exchange for a guilty plea on count (3), and Lamb agreed not to contest the forfeiture of cash and other property valued at $250,000.

2. Lamb's initial offense level was 32, however he received a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and an additional one-level reduction under U.S.S.G. § 3E1.1(b) for timely providing information as to his involvement in the offense and timely notifying authorities of his intent to plead guilty. As a result, Lamb had an offense level of 29, and was sentenced within the applicable guideline range of 87 to 108 months.

of both law and fact are presented, "we review the district court's legal conclusions on a *de novo* basis and its factual findings under the clearly erroneous standard." *United States v. Joseph,* 996 F.2d 36, 39 (3d Cir.1993) (citations omitted).

Federal Rule of Criminal Procedure 32(d) provides in part: "If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Nevertheless, a criminal defendant does not enjoy an absolute right to withdraw a guilty plea under Rule 32(d). *United States v. Martinez,* 785 F.2d 111, 113 (3d Cir.1986); *Government of Virgin Islands v. Berry,* 631 F.2d 214, 219–20 (3d Cir.1980). There are three factors to consider when determining whether to grant a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by withdrawal; and (3) the strength of the defendant's reasons for moving to withdraw." *Martinez,* 785 F.2d at 114 (citations omitted).

Lamb argues that his guilty plea should be invalidated under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), because the government failed to disclose impeachment evidence relating to the mental health background of its chief witness, Steven Lertzman. But Lamb never asserted this claim before the District Court. Accordingly, we will not consider it on appeal.[3] *See Royce v. Hahn,* 151 F.3d 116, 125 (3d Cir.1998) (providing "we will not consider on appeal issues which were not presented to the district court"). Thus, the District Court's denial of Lamb's motion will be affirmed.

## II.

Lamb also argues he deserves a downward departure for aberrant behavior pursuant to U.S.S.G. § 5K2.20. Again, we disagree. Lamb never presented the issue of downward departure for aberrant behavior under U.S.S.G. § 5K2.20 to the District Court.[4] Therefore, in accordance with *Royce,* we will not consider this issue on appeal. The District Court properly considered and denied Lamb's motion to depart downward for extraordinary post defense rehabilitation under U.S.S.G. § 5K2.0.

## III.

For the foregoing reasons we will affirm the District Court's denial of Lamb's motion to withdraw his plea of guilty, and

---

**3.** Even if we were to reach the merits of this issue, there is no evidence that the government knew of Lertzman's mental health information at the time of Lamb's guilty plea. Furthermore, we note that the Supreme Court has since ruled that the government is not obligated to disclose impeachment evidence prior to entering a plea agreement with a defendant. *See United States v. Ruiz,* —— U.S. ——, 122 S.Ct. 2450, 2455, 153 L.Ed.2d 586 (2002).

**4.** Lamb's counsel contends that his characterization of his client's involvement with Steven Lertzman as an "aberration" at the sentencing hearing suffices to preserve this issue on appeal. Even if we agreed that the aberrant behavior motion was properly presented, which we do not, when a district court judge acknowledges that he has the authority to depart, but decides not to do so, we lack appellate jurisdiction to review his decision. *See United States v. McQuilkin,* 97 F.3d 723, 729 (3d Cir.1996). In this case, the District Court judge acknowledged that he had the power to depart, but he decided not to: "I recognize my authority ... but I'm not persuaded that there are sufficient grounds to justify a departure." Thus, Lamb's argument lacks merit.

affirm the judgment of conviction and sentence.