

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-5-1998

# Royce v. Hahn

Precedential or Non-Precedential:

Docket 97-3266

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Royce v. Hahn" (1998). *1998 Decisions.* Paper 184.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/184

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed August 5, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-3266

ZULIKEN S. ROYCE,
        Appellant

v.

JOHN E. HAHN, Warden,
        Appellee

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 96-cv-00262E)

ON PANEL REHEARING

Before: STAPLETON, ROTH, and WEIS,
Circuit Judges.

Filed: August 5, 1998

        Zuliken S. Royce, Pro Se
        Raybrook FCI
        P.O. Box 902
        Raybrook, New York, 12977-0300

        Bonnie R. Schlueter, Esquire
        Tina M. Oberdorf, Esquire
        Office of the United States Attorney
        633 United States Courthouse
        Pittsburgh, PA 15219
        Attorneys for Appellee
        John Hahn, Warden

OPINION OF THE COURT

WEIS, Circuit Judge.

After our original opinion in this case was filed, the government presented a petition for panel rehearing. We granted the petition, vacated the opinion, and now consider the appeal anew.

The issue in this case is whether mere possession of a firearm by a previously convicted felon is a "crime of violence" that triggers an obligation of federal prison authorities to notify local authorities upon an inmate's release. We answer that question in the negative and correspondingly hold that a Bureau of Prisons Program Statement to the contrary represents an incorrect interpretation of the relevant notification statute.

Petitioner Zuliken S. Royce was incarcerated in the federal correctional institution at McKean, Pennsylvania when he filed this habeas corpus petition. He had been convicted in the United States District Court for the Middle District of Florida on two counts -- possession of a firearm by a convicted felon in violation of 18 U.S.C. S 922(g)(1), and unlawful possession of a machine gun in violation of 18 U.S.C. S 922(o)(1). Although there were two counts, only one gun was involved. Petitioner had previously been convicted in state court on three felony drug charges and one count of second degree attempted burglary.

According to the presentence investigation report for the current conviction, on February 10, 1993 Secret Service agents investigating a trail of counterfeit money contacted petitioner at his business location. Petitioner denied knowledge of counterfeiting activity and consented to a search of the premises. At that point, he announced that he had a "Mac 10" under his desk for protection. The agents retrieved an unloaded RPB Industries M10, 9 millimeter machine gun from under the desk. They found no ammunition on the premises.

Following his conviction and incarceration, prison authorities classified petitioner as having committed

2

"crimes of violence" pursuant to a definition of that term contained in the Federal Bureau of Prisons' internal Program Statement No. 5162.02(7). As a result, he became subject to 18 U.S.C. S 4042(b), which requires the Bureau to notify local law enforcement authorities of the imminent release of inmates who had committed violent crimes and provide their names, criminal history, parole restrictions, and proposed residence.

Arguing that his offenses of conviction were not "crimes of violence," petitioner objected to this classification. After his appeals through the administrative process proved unsuccessful, petitioner filed this habeas corpus action in the United States District Court for the Western District of Pennsylvania. He alleged that the Bureau exceeded its authority in classifying his offenses as "crimes of violence" and in creating Program Statement 5162.02. Petitioner specifically asked the court to enter a declaratory judgment that he was "eligible for the non-application of 18 U.S.C. S 4042[b]."

A magistrate judge recommended that the petition be denied for lack of subject matter jurisdiction. She reasoned that, under the traditional test for habeas corpus jurisdiction, petitioner failed to "make any colorable allegation that his underlying conviction is invalid or that he is otherwise being denied his freedom from unlawful incarceration." Despite the petition's specific request, the magistrate judge did not rule on the declaratory relief aspect. The district judge adopted the recommendation and dismissed the petition.

I.

This court has jurisdiction to review the denial of a habeas petition under 28 U.S.C. S 1291 and our review is plenary. United States ex rel. Schiano v. Luther, 954 F.2d 910, 912 (3d Cir. 1992). The pro se petition here challenges application of section 4042(b)'s notification requirement, but not the fact or duration of confinement. See Preiser v. Rodriquez, 411 U.S. 475, 484-85 (1973). Insofar as the district court found that it did not have subject matter jurisdiction under traditional 28 U.S.C. S 2241 analysis, the ruling was correct.

3

The label placed on a petition, however, is not determinative. As stated in Graham v. Broglin, 922 F.2d 379, 382-83 (7th Cir. 1991), if a petition asks for habeas corpus relief when petitioner "should have brought a civil rights suit, all he has done is mislabel his suit, and either he should be given leave to plead over or the mislabeling should simply be ignored." See also Fierro v. Gomez, 77 F.3d 301, 305 (9th Cir. 1996) (a court may construe a section 1983 complaint as a habeas petition and vice versa), vacated on other grounds, 117 S.Ct. 285 (1996). This admonition is especially weighty in pro se litigation. See United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

An inmate cannot avoid the exhaustion requirements that may be a prerequisite to a habeas corpus action by characterizing his suit as a civil rights complaint. Where exhaustion is not implicated, however, the case should not be dismissed until other legitimate avenues of relief are considered. Here, petitioner had already exhausted available administrative appeals and we conclude that his petition should have been construed as an action seeking a declaratory judgment under 28 U.S.C. SS 1331 and 2201.

Rather than remanding for consideration as such by the district court, we will address the merits of the petition. We do so in the interest of judicial efficiency because there are no factual disputes, the issue presented is purely a question of law, and both parties have briefed the merits. See, e.g., Gibson v. Scheidemantel, 805 F.2d 135, 139 (3d Cir. 1986). Moreover, the issue is one frequently recurring that should be addressed at this time.

II.

The notification provision, 18 U.S.C. S 4042(b), requires the Bureau of Prisons to notify local law enforcement officials of the release of a prisoner who was "convicted of a crime of violence (as defined in section 924(c)(3))."[1]

_____

1. 8 U.S.C. S 4042 provides in pertinent part:

4

S 4042(b)(3)(B). In turn, 18 U.S.C. S 924(c)(3) defines a crime of violence as "an offense that is a felony and --

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The firearm possession violations do not require proof of "use, attempted use, or threatened use" as an element of the crime. Thus, subsection (A) has no application to the circumstances of this case; only subsection (B) is relevant. See United States v. Canon, 993 F.2d 1439, 1441 (9th Cir. 1993). We review the Bureau's interpretation of subsection (B) for consistency with the plain language of the statute

_____

> (b) "Notice of release of prisoners.-- (1) At least 5 days prior to the date on which on a prisoner described in paragraph (3) is to be released on supervised release, . . . written notice of the release
. . .
> shall be provided to the chief law enforcement officer of the State and of the local jurisdiction in which the prisoner will reside. Notice
> prior to release shall be provided by the Director of the Bureau of Prisons. . . . The notice requirements under this subsection do not apply in relation to a prisoner being protected under chapter 224.

> (2) A notice under paragraph (1) shall disclose  --

>  (A) the prisoner's name;

>  (B) the prisoner's criminal history, including  a description of the
> offense of which the prisoner was convicted; and

>  (C) any restrictions on conduct or other condi tions to the release of the prisoner that are imposed by law, the sentencing court, or the Bureau of Prisons or any other Federal agency.

> (3) A prisoner is described in this paragraph if t he prisoner was convicted of --

>  (A) a drug trafficking crime, as that term i s defined in section 924(c)(2); or

>  (B) a crime of violence (as defined in secti on 924(c)(3)).

and pertinent case law. Roussos v. Menifee, 122 F.3d 159, 163-64 (3d Cir. 1997).

The term "crime of violence" is an important component of a number of statutes. In addition to the cross-reference contained in the notification statute, the "crime of violence" concept is relevant to:

> 1) the United States Sentencing Guidelines, especi ally when determining career criminal status and its related sentence enhancement, U.S.S.G. S 4B1.1;

> 2) 18 U.S.C. S 924(e)(1), which assigns, inter alia, a fifteen year mandatory minimum sentence to a felon with three prior convictions for violent felonies; and

> 3) 18 U.S.C. S 3621(e)(2)(B), which by negat ive inference excludes inmates who committed violent offenses from eligibility for a sentence reduction following completion of a substance abuse treatment program.

Unfortunately, the courts and the Bureau have complicated matters by using varying definitions of "crime of violence" and related terms without exploring the possibility and desirability of a more uniform approach.

The convictions at issue here are limited to firearm possession. This Court has yet to discuss whether this violation is a crime of violence under the notification statute, although we have encountered the offense in other settings. The Bureau, in its Program Statement No. 5162.02(7), takes the position that violations of the firearm possession prohibitions are crimes of violence in all instances. We assess the validity of that approach by first examining related contexts where the terminology is relevant.

(1.) Sentencing Guidelines

The term "crime of violence" is defined in the Sentencing Guidelines. Because that formulation has been the subject of substantial litigation in the federal courts and is used most frequently, we first examine the term in the guidelines context.

6

Sentencing Guideline section 4B1.1 provides for enhanced terms of incarceration for those convicted of a "crime of violence." Such an offense is described in section 4B1.2(a) as a felony that (1) has as an element "the use, attempted use, or threatened use" of physical force or (2) is a "burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents `a serious potential risk of physical injury to another.' "

The original commentary to section 4B1.2 created a conflict among various Courts of Appeals over the question of whether mere possession of a firearm by a felon was a crime of violence. See Stinson v. United States, 508 U.S. 36, 39 n.1 (1993) (citing United States v. Williams, 892 F.2d 296 (3d Cir. 1989); United States v. Goodman, 914 F.2d 696 (5th Cir. 1990); United States v. Alvarez, 914 F.2d 915 (7th Cir. 1990); United States v. Cornelius, 931 F.2d 490 (8th Cir. 1991); United States v. O'Neal, 937 F.2d 1369 (9th Cir. 1990); and United States v. Walker, 930 F.2d 789 (10th Cir. 1991)). In 1992, the United States Sentencing Commission amended the commentary to section 4B1.2 to clarify that " `[c]rime of violence' does not include the offense of unlawful possession of a firearm by a felon." See U.S.S.G. S 4B1.2 Application Note 1.

In Stinson, the Supreme Court confirmed the binding effect of this amendment and held that "[f]ederal courts may not use the felon in possession offense as the predicate crime of violence for purposes of imposing the career offender provisions of U.S.S.G. S 4B1.1 . . .." 508 U.S. at 47. Thus, in the sentencing guideline setting, an authoritative ruling holds that mere firearm possession by a convicted felon is not a crime of violence. See also United States v. Sahakian, 965 F.2d 740, 742 (9th Cir. 1992); United States v. Johnson, 953 F.2d 110, 115 (4th Cir. 1991).

(2.) Armed Career Criminal

Under 18 U.S.C. S 924(e), a mandatory minimum sentence must be imposed on a felon in possession of a firearm who has three previous convictions "for a violent felony." The statute defines "violent felony" as one that "has

7

as an element use, attempted use, or threatened use of physical force" or is a burglary, arson, or extortion, involves use of explosives, "or otherwise involves conduct that presents serious potential risk of physical injury." S 924(e)(2)(B). This definition uses the identical pertinent language found in Sentencing Guideline section 4B1.2.2

In United States v. Doe, 960 F.2d 221 (1st Cir. 1992), the Court considered whether conviction under section 922(g)(1) (possession of firearms by a felon) was a proper predicate offense for imposing the armed career criminal provision of section 924(e). Judge Breyer, writing for the Court, held that the offense was not a "violent felony" under the statute, and commented that "simple possession of a firearm does not fit easily within the literal language of the statute." Id. at 224.

Observing that an expansive reading of the language would encompass crimes not meant to be included, Doe reasoned that the term "violent felony" evoked a "tradition of crimes that involve the possibility of more closely related, active violence." Id. at 225. The Court also reviewed the commentary to U.S.S.G. S 4B1.2, remarking that "because uniform interpretation of similar language is in itself desirable, we believe we should give some legal weight to the Commission's determination" not to include the felon in possession offense as a crime of violence. Id.

Two other Courts of Appeals agree that U.S.S.G. S 4B1.2 and 18 U.S.C. S 924(e) should be read consistently with one another. In United States v. Garcia–Cruz, 978 F.2d 537, 542–43 (9th Cir. 1992), and United States v. Oliver, 20 F.3d 415, 416 (11th Cir. 1994) (per curiam), both Courts held, after examining Guidelines case law, that the felon in possession offense was not a violent felony under section 924(e). In Oliver, the court noted that the two expressions in 18 U.S.C. S 924(e) and U.S.S.G. S 4B1.2 "are not conceptually distinguishable for purposes of the narrow question raised in this appeal." 20 F.3d at 417. Doe, Oliver, and cases that reach a similar conclusion persuasively

---

2. Guideline section 4B1.2 speaks of "burglary of a dwelling," whereas section 924(e)(2)(B)(ii) designates only "burglary."

8

explain why mere possession does not constitute a"crime of violence."

We note also that the relevant language in sections 924(c)(3) and 924(e) differ only in minor detail. Section 924(c)(3)(B) speaks of a violation "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Section 924(e)(2)(B)(ii) refers to "conduct that presents a serious potential risk of physical injury to another." The Court of Appeals for the Ninth Circuit has concluded that possession of a firearm by a felon is not a violent crime under either subsection. Downey v. Crabtree, 100 F.3d 662, 667 (9th Cir. 1996). We agree that the quoted variation in wording does not affect the classification of felon in possession offenses.

(3.) Substance Abuse Treatment Program

The sentencing benefits available under the substance abuse treatment program, created by the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. 103-322, 108 Stat. 1796 (1994), also hinge upon the crime of violence concept. The statute, 18 U.S.C. S 3621(e)(2)(B), grants the Bureau of Prisons discretion to reduce the period of custody up to one year for any "prisoner convicted of a nonviolent offense" who successfully completes a substance abuse treatment program.

The statute does not define "nonviolent offense." The Bureau of Prisons originally adopted a regulation that disqualified inmates whose "current offense is determined to be a crime of violence as defined in 18 U.S.C. S 924(c)(3)." 28 C.F.R. S 550.58 (1996). In addition, the Bureau adopted Program Statement No. 5162.02 (as amended April 23, 1996), which excluded from participation those inmates convicted of firearm violations under specified subsections of 18 U.S.C. S 922, including mere possession. In a number of cases, inmates currently serving terms for nonviolent offenses (including the felon-in-possession offense) contested their classification and argued that under 29 C.F.R. S 550.58 and Program Statement No. 5162.02, they were improperly being denied earned sentence reductions.

The Bureau soon realized that its policy of denying sentence reduction based on the questionable classification of certain violations as crimes of violence was generating conflicting decisions from the courts. In particular, numerous cases addressed the Bureau's classification of the felon in possession of a firearm offense.

To resolve the problem, the Bureau amended its regulation in October 1997 to delete the disqualification based on convictions for "a crime of violence as defined in 18 U.S.C. S 924(c)(3)." 28 C.F.R. S 550.58. See also 62 Fed. Reg. 53690 (Oct. 15, 1997). In relevant part, the current regulation now provides:

> (a) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release
> . . .
>
> (vi) [i]nmates whose current offense is a felony . . .
> (B) [t]hat "involved the carrying, possession, or use of a firearm . . . ."

28 C.F.R. S 550.58 (emphasis added). Thus, the current regulation no longer classifies the felon in possession of a firearm offense as a "crime of violence." This new discretionary approach has not yet been incorporated into Program Statement 5162.02, but, by deleting the reference to "crime of violence," the Bureau effectively made that term irrelevant at least in the context of the drug abuse treatment statute.3 Cases analyzing the original regulation are now mostly of historical interest. A brief review of those decisions, however, is in order.4

_____

3. The notification statute, in contrast, contains an explicit reference to
"crime of violence." Thus, the Program Statement still includes that classification.

4. Several district courts within this Circuit had concluded that a felon in possession offense was a crime of violence justifying a denial of sentence reduction. Those opinions, however, preceded the change in the Bureau's regulations and of course would not be binding on this court. See Piccolo v. Lansing, 939 F. Supp. 319 (D. N.J. 1996); Paydon v. Hawk, 960 F. Supp. 867 (D. N.J. (1997); Snisky v. Pugh, 974 F. Supp. 817 (M.D. Pa. 1997).

10

In the first of these cases, Downey v. Crabtree, 100 F.3d 662 (9th Cir. 1996), the Court held that the Bureau was not permitted to use a sentence enhancement imposed under the Guidelines to transform what was otherwise a nonviolent felony (possession of 100 grams of methamphetamine) into a crime of violence.5

Downey explicitly rejected the government's argument "that Congress' omission of a definition for`nonviolent offense' in S 3621(e)(2)(B) suggests an intention to entrust defining that term entirely to the Bureau of Prisons' discretion." Id. at 666. While the Bureau properly used its rulemaking authority to promulgate a regulation defining "nonviolent felony" as the converse of the section 924(c)(3) crime of violence definition, it could not reinterpret the term contrary to the established authority built up around the section 924(c)(3) definition. See id. at 668.

A subsequent opinion from the same Court reinforced this approach. Davis v. Crabtree, 109 F.3d 566 (9th Cir. 1997), held that the crime of conviction -- felon in possession of a firearm -- was a nonviolent offense and that the Bureau's characterization to the contrary could not be used to deny a sentence reduction. Id. at 567.

Crabtree v. Jacks, 114 F.3d 983 (9th Cir. 1997), sustained the Bureau's decision to deny a sentence reduction, but presented substantially different facts than either Downey or Davis. In Jacks, although their current convictions (including a felon in possession offense) were nonviolent, the inmates had previously been convicted of concededly violent crimes. Id. at 984. In these circumstances, the Court held that the Bureau's interpretation which encompassed previous convictions was sustainable because the substance abuse statute did not specify whether "nonviolent felony" was limited only to current convictions. Id. at 986.

_____

5. Section 9 instructed Bureau officials to examine the "Specific Offense Characteristics" noted in the presentence investigation report that aid the district court in applying the guidelines. As noted in Downey, the Bureau categorically denied early release credit for inmates convicted under 18 U.S.C. S 841(a) if they also received a sentence enhancement for firearm possession. 100 F.3d at 665.

11

In Venegas v. Henman, 126 F.3d 760 (5th Cir. 1997), the Court of Appeals for the Fifth Circuit upheld the Bureau's denial of a sentence reduction to an inmate whose current conviction included the crimes of felon in possession of a firearm and possession with intent to distribute marijuana. The Court concluded that section 3621(e) grants the Bureau generalized discretion to determine when and how to reduce a sentence. Id. at 762. In particular, the court refused to interpret "crime of violence" under section 924(c)(3) in light of the guidelines because sentence reduction and sentencing serve different ends. Id. at 763–64. In contrast to Venegas, we have noted that an effort to determine whether the felon in possession of a firearm offense constitutes a crime of violence would be "influenced by the career offender provisions of the Sentencing Guidelines." Roussos, 122 F.3d at 163 n.5.

Venegas found support in Sesler v. Pitzer, 110 F.3d 569 (8th Cir. 1997), but that case spoke only to use of a firearm, or in dicta, to possession of a firearm during a predicate offense. Id. at 571–72. Sesler does not preclude a finding that mere possession offenses are nonviolent. Moreover, a few months later, the Eighth Circuit took issue with Venegas stating, "[h]aving adopted S 924(c)(3) as its definitional standard in its [original] regulation, the BOP is bound by the definition accorded it in the interpretative decisional case law." Martin v. Gerlinski, 133 F.3d 1076, 1080 (8th Cir. 1998).

We have twice considered the meaning of "nonviolent felony" in the substance abuse program context. In Stiver v. Meko, 130 F.3d 574 (3d Cir. 1997), an inmate with previous convictions for robbery and aggravated assault challenged his ineligibility for reduction of his current sentence for possession of heroin with intent to distribute. Both of his previous convictions, however, clearly qualified as crimes of violence under section 924(c)(3), the guidelines and the Bureau's regulation. The panel concluded in that situation, as did Jacks, that the Bureau could look to the violent nature of previous convictions, rather than limiting itself to consideration of the current offense only. Id. at 577.

In the other case, Roussos, an inmate was convicted of conspiracy to distribute narcotics. 122 F.3d at 160. The

12

sentencing court enhanced the period of incarceration pursuant to U.S.S.G. S 2D1.1 because guns were found in the inmate's house some distance from the arrest site. Id. In light of the sentence enhancement, the Bureau, as it did in Downey, denied eligibility for a sentence reduction following the inmate's successful completion of the substance abuse program. Id.

Roussos held that the offense of conspiracy to distribute narcotics was not a crime of violence and that the provision of the Program Statement declaring ineligible all inmates with a sentencing enhancement for firearms possession was unenforceable. Id. at 164. By focusing on enhancement instead of the offense, the Bureau "converted a nonviolent crime into a violent one by means of a Program Statement that is inconsistent with the language of the statute, and its own regulations." Id. at 163. We were persuaded by the reasoning in Downey that the Bureau's interpretation of section 924(c)(3) ran counter to the Sentencing Commission's formulation of a `nonviolent offense' and corresponding judicial endorsement. Id. at 162–63.

Stiver was careful to distinguish Roussos. Traditionally, the Bureau has been given substantial discretion in administering rehabilitation programs and the substance abuse program falls within that category. To the extent, therefore, that Stiver permits the Bureau to use prior convictions as a factor in determining program eligibility, it is consistent with that practice. In contrast, the notification statute does not serve a rehabilitative purpose. Thus, we are not constrained by Stiver and its discussion of the Bureau's discretion under the substance abuse program.

III.

It is against this rather complex background that we come to the issue posed in the case before us –– whether a current conviction for possession of firearms by a felon is a "crime of violence" within the scope of the notification procedures of 18 U.S.C. S 4042(b). Necessarily, we address whether Program Statement No. 5162.02(7) contains a correct interpretation of the statutory crime of violence definition as it has evolved in the federal courts.

13

Section (7) of Program Statement No. 5162.02 provides: "Criminal Offenses That Are Crimes of Violence In All Cases. Any conviction for an offense listed below should be categorized as a `crime of violence.' a. Title 18, United States Code . . . S 922 . . . (g), (o). . . (firearms violations)." The definition section of Program Statement No. 5110.11, which covers "Notification of Release to State/Local Law Enforcement," in turn instructs that "clarifying instructions to define a `crime of violence' are provided in the Program Statement [No. 5162.02]."

Unlike the substance abuse provision, which failed to define "nonviolent offense" and thus allowed a regulation to fill the gap, the notification statute does not leave interpretation to the Bureau. Rather, section 4042(b)(3)(B) refers to a specific provision defining of "crime of violence" -- that contained in section 924(c)(3). Such an explicit reference to a statutory definition demonstrates a Congressional intent to forestall interpretation of the term by an administrative agency and acts as a limitation on the agency's authority. See generally Greenwood Trust Co. v. Massachusetts, 971 F.2d 818, 827 (1st Cir. 1992) (incorporation by reference to another statute brings the statutory language and relevant case law into the incorporating statute).

The citation to section 924(c)(3) is unlike other directions that appear in the notification statute. For example, section 4042(b) requires the Bureau to advise local authorities. Presumably, the method of notification is left to the agency's discretion, e.g., mail, fax, hand-delivery, etc. Such flexibility in the means to be employed adds significance to the fact that Congress did not leave the crime of violence definition similarly open-ended.

Some weight is also due to the state of the law at the time Congress enacted S 4042(b). See Greenwood Trust Co., 971 F.2d at 827. Stinson, Doe, Johnson, Sahkian and Garcia-Cruz constituted a formidable body of authority construing "crime of violence" and we may assume that the lawmakers were aware of these precedents. Thus, the Bureau is bound not only by the language of the statutory definition, but also by its judicial interpretations. Id. See

14

also Dutton v. Wolpoff and Abramson, 5 F.3d 649, 655 (3d Cir. 1993).

Unlike the situation in Stiver and Jacks, this case does not implicate a duly promulgated regulation that purports to establish the agency's statutory interpretation of an otherwise undefined term. Nor do we owe the Program Statement any deference. The notification statute and the Program Statement specifically refer to a provision of the Criminal Code, 18 U.S.C. S 924(c)(3), an area in which the Bureau has no special competence. See U.S. Dep't of the Navy v. FLRA, 840 F.2d 1131, 1134 (3d Cir. 1988) ("no deference is owed an agency's interpretation of a general statute."). This case is thus unlike Reno v. Koray, 515 U.S. 50, 61 (1995), where the Court allowed "some" deference to a Program Statement interpreting a statute the Bureau was charged with administering.

Although we have not previously addressed application of the "crime of violence" terminology to the notification provision, we have encountered the phrase in other contexts. In United States v. Williams, 892 F.2d 296, 304 (3d Cir. 1989), a pre-amendment guidelines case, we observed that "possessing a gun while firing it. . . is a crime of violence; possession without firing the weapon is not." Whatever doubt may have existed following the guidelines amendment as to the authority of this passing remark in Williams6 was removed by United States v. Joshua, 976 F.2d 844 (3d Cir. 1992). In Joshua, where the indictment charged defendant with possession of a firearm and ammunition, we invoked the terminology of section 924(e) and the guideline commentary when we stated, "[t]here is no conduct alleged that posed `a serious potential risk of physical injury to another.' " Id. at 856. Accordingly, there was no `crime of violence' upon which to predicate application of the Career Offender Act.

As we intimated in Roussos, interpretation of "crime of violence" under the Sentencing Guidelines should bear
_____

6. Stinson overruled the aspect of Williams that held that the felon in possession offense could be a crime of violence under the Guidelines in some circumstances. See Stinson, 508 U.S. at 39; see also Williams, 892 F.2d at 304.

upon the meaning of the term in other settings as well. 122 F.3d at 163 n.5; see also Impounded (Juvenile R.G.), 117 F.3d 730, 738 n.13 (3d Cir. 1997). As the Doe Court remarked, there is much to be said for attributing the same meaning to the same or related words. See 960 F.3d at 225.

Our reading of the statutory language and the thoughtful opinions of other Courts of Appeals dissuades us from fracturing the meaning of section 924(c)(3)'s crime of violence definition. We reach that determination despite the Bureau's argument that it should be permitted to vary interpretation of the definition because its aims embrace different objectives than those of a sentencing judge.

Section 4042(b) requires dissemination of information about prisoners released after serving terms for offenses that Congress and the courts recognize as crimes of violence -- those which traditionally "involve[ ] the possibility of more closely related, active violence." United States v. Doe, 960 F.2d 221, 225 (1st Cir. 1992). Nothing to the contrary appears in the provision's legislative history. In short, the Program Statement is not in accord with the statutory provisions.

We hold, therefore, that possession of a firearm under 18 U.S.C. S 922(g) is not a crime of violence within the terms of 18 U.S.C. S 4042(b), and that Program Statement No. 5162.02(7) is an impermissible interpretation of 18 U.S.C. S 924(c)(3).

In its petition for panel rehearing, the government accepts our reasoning with respect to section 922(g). However, it contends that offenses under 18 U.S.C. S 922(o) (unauthorized possession of a machine gun) are crimes of violence. In support of its position, the government cites United States v. Fortes, 141 F.3d 1, 7 (1st Cir. 1998) (possession of a sawed-off shotgun is violent felony under Armed Career Criminal Act); United States v. Hayes, 7 F.3d 144, 145 (9th Cir. 1993) (possession of unregistered sawed-off shotgun is crime of violence under career offender guideline); United States v. Dunn, 946 F.2d 615, 620-21 (9th Cir. 1991) (possession of unregistered sawed-off shotgun is a crime of violence for purposes of sentence enhancement); United States v. Huffhines, 967 F.2d 314,

320-21 (9th Cir. 1992) (conviction for possession of silencer attached to a loaded gun qualifies as prior crime of violence for sentence enhancement).

We will not reach the government's argument on the merits because it has been waived. With commendable candor, the petition for panel rehearing concedes that the government "did not fully brief the issue on the merits." Indeed, the brief in this Court did not mention the section 922(o) issue at any point, nor did it cite any one of the cases now listed in the petition for panel rehearing. Moreover, we have carefully searched the district court record and find no reference to the argument the government now advances.

As we have held on numerous occasions, we will not consider on appeal issues which were not presented to the district court. See e.g., Brenner v. Local 514, United Brotherhood of Carpenters, 927 F.2d 1283, 1298 (3d Cir. 1991) (failure to brief an issue in court of appeals or raise it in the district court constitutes a waiver of the argument); see also United States v. Martinez, 96 F.3d 473, 475 (11th Cir. 1996) (per curiam) (issues or arguments raised for the first time on petition for rehearing will not be considered); Stephens v. Arrow Lumber Co., 354 F.2d 732, 734 (9th Cir. 1966) (citing Partenweederei Ms Belgrano v. Weigel, 313 F.2d 423, 425 (9th Cir. 1962) ("It is sound policy to require that all claims be presented to the trial court, and not raised for the first time on appeal, nor, a fortiori, as herein, in a petition for rehearing on appeal")). It follows that we will not review matters that were not even discussed in the briefs filed in this Court. Thus, for the purposes of this appeal we determine that the violation of 18 U.S.C. S 922(o) is not a crime of violence as to petitioner because the government has waived the issue.

Accordingly, the judgment of the district court will be reversed. The Board may not subject petitioner to the notification requirements because section 4042(b)(3)(B) does not justify classification of his current offenses as crimes of violence. We remand to the district court with directions that it remand to the Bureau of Prisons for reclassification of petitioner.

17

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit