

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-16-2002

# USA v. Lamb

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4073

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Lamb" (2002). *2002 Decisions.* Paper 656.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/656

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 01-4073, 01-4178 & 01-4266
_____

UNITED STATES OF AMERICA

v.

GEORGE LAMB,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 00-cr-00119
(Honorable Marvin Katz)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 2002

Before:  SCIRICA, ALITO and McKEE, Circuit Judges

(Filed October 16, 2002)

_____

OPINION OF THE COURT
_____

SCIRICA, Circuit Judge.

On May 7, 2001, George Lamb pleaded guilty to attempted possession of Phenyl-2-Propane ("P2P") with intent to manufacture methamphetamine in violation of 21 U.S.C. 846.  On October 15, 2001, Lamb moved to withdraw his guilty plea.  After an evidentiary hearing, the District Court denied his motion, and sentenced Lamb to eighty-seven months' imprisonment, three years' supervised release, a $15,000 fine and a $100 special assessment.  For the following reasons, we will affirm the District Court's denial of Lamb's motion to withdraw his guilty plea and the judgment of sentence.

I.

Lamb asserts his guilty plea should be invalidated.  We disagree.  Because issues of both law and fact are presented, "we review the district court's legal conclusions on a de novo basis and its factual findings under the clearly erroneous standard." United States v. Joseph, 996 F.2d 36, 39 (3d Cir. 1993) (citations omitted).

Federal Rule of Criminal Procedure 32(d) provides in part: "If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason."  Nevertheless, a criminal defendant does not enjoy an absolute right to withdraw a guilty plea under Rule 32(d).  United States v. Martinez, 785 F.2d 111, 113 (3d Cir. 1986); Government of  Virgin Islands v. Berry, 631 F.2d 214, 219-20 (3d Cir. 1980).

There are three factors to consider when determining whether to grant a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by withdrawal; and (3) the strength of the defendant's reasons for moving to withdraw." Martinez, 785 F.2d at 114 (citations omitted).

Lamb argues that his guilty plea should be invalidated under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), because the government failed to disclose impeachment evidence relating to the mental health background of its chief witness, Steven Lertzman. But Lamb never asserted this claim before the District Court. Accordingly, we will not consider it on appeal. See Royce v. Hahn, 151 F.3d 116, 125 (3d Cir. 1998) (providing "we will not consider on appeal issues which were not presented to the district court"). Thus, the District Court's denial of Lamb's motion will be affirmed.

## II.

Lamb also argues he deserves a downward departure for aberrant behavior pursuant to U.S.S.G. 5K2.20. Again, we disagree. Lamb never presented the issue of downward departure for aberrant behavior under U.S.S.G. 5K2.20 to the District Court. Therefore, in accordance with Royce, we will not consider this issue on appeal. The District Court properly considered and denied Lamb's motion to depart downward for extraordinary post defense rehabilitation under U.S.S.G. 5K2.0.

For the foregoing reasons we will affirm the District Court's denial of Lamb's motion to withdraw his plea of guilty, and affirm the judgment of conviction and sentence.


TO THE CLERK:

Please file the foregoing opinion.




/s/ Anthony J. Scirica
Circuit Judge


DATED: October 16, 2002