

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2006

# McLoyd v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1809

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"McLoyd v. Nash" (2006). *2006 Decisions.* Paper 586.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/586

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-277                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-1809
_____

LUTHER J. MCLOYD,
                              Appellant

v.

WARDEN JOHN NASH;
UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-04154)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 13, 2006
Before:  SLOVITER, McKEE AND FISHER, CIRCUIT JUDGES.

(Filed: August 15, 2006 )
_____

OPINION
_____

PER CURIAM

       Appellant Luther McLoyd appeals from the dismissal for lack of jurisdiction of his

petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Because no substantial

question is presented, we will summarily affirm.  See L.A.R. 27.4.

McLoyd pleaded guilty in the United States District Court for the Eastern District of North Carolina to possession with intent to distribute more than fifty grams of crack cocaine, for which he received 262 months' imprisonment. After pursuing a direct appeal and several habeas challenges in North Carolina, he filed a § 2241 petition in the United States District Court for the District of New Jersey[1] claiming a violation of the rule announced in United States v. Booker, 543 U.S. 220 (2005). The District Court found that McLoyd could not bring his petition under § 2241 because 28 U.S.C. § 2255 was not inadequate or ineffective. It then dismissed the motion for lack of jurisdiction, concluding that a § 2255 motion must be filed in the district court "which imposed the sentence . . . ." § 2255 ¶ 1. McLoyd appealed.

A federal prisoner cannot file a challenge to his conviction under § 2241 unless § 2255 is "inadequate and ineffective." § 2255 ¶ 5; see also Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not "inadequate or ineffective" simply because the movant cannot meet the section's stringent gate-keeping requirements or that the sentencing court has failed to grant relief. See In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997).

The District Court is correct that the instant case is distinguished from In re Dorsainvil. There, we narrowly construed Dorsainvil and held that § 2255 was ineffective where a Supreme Court decision changed substantive law which could negate

---

[1]McLoyd is currently incarcerated at FCI-Fort Dix.

2

a conviction if made retroactive and the prisoner had no prior opportunity to raise the issue. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002). Even a successful challenge under Booker would not render the conduct for which McLoyd was convicted non-criminal. Okereke's similar conclusion with respect to a challenge under Apprendi v. New Jersey, 530 U.S. 466 (2000), controls in this situation. McLoyd fails to show that § 2255 is "inadequate or ineffective."

Thus, McLoyd's petition should be construed as a § 2255 motion. However, such a motion must be filed in the court which imposed the sentence. § 2255 ¶ 1. Moreover, since McLoyd has already pursued a § 2255 petition in the District Court for the Eastern District of North Carolina, he must seek the authorization of the United States Court of Appeals for the Fourth Circuit. See 28 U.S.C. § 2255 ¶ 8. The District Court for the District of New Jersey does not have jurisdiction over McLoyd's § 2255 motion. Accordingly, we will affirm.[2]

---

[2]We note that Appellant's submission on appeal is extremely difficult to decipher. He appears to concede that the District Court properly ruled on his Booker claim, but he argues that an underlying new claim relating to an amendment of the indictment is cognizable under § 2241. We take no position on this argument as we generally do not consider claims not presented to the District Court. See Royce v. Hahn, 151 F.3d 116, 125 (3d Cir. 1998).

3