

Villanova University School of Law

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2009

# Anthony Dickerson v. David DiGuglielmo

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2832

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Anthony Dickerson v. David DiGuglielmo" (2009). *2009 Decisions.* Paper 2022.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2022

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-69                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2832
_____

ANTHONY DICKERSON; DEVON COLLINS; EDWARD LAYMAN MONROE;
GREGORY STOVER; ROBERT J. ROYSTER; RICHARD JOHNSON; CHARLES
POULSON, Jr.; SALIM HICKMAN; LAWRENCE BELSER; HOWARD GIBSON;
MAURICE EVERETT,

                                                              Appellants

                                      v.

                        DAVID DIGUGLIELMO.
        _____

            On Appeal from the United States District Court
                for the Eastern District of Pennsylvania
                      (D.C. Civil No. 07-02984)
               District Judge:  Honorable Anita B. Brody
        _____

    Submitted for Possible Dismissal for Lack of Jurisdiction or Pursuant to 28 U.S.C.
    § 1915(e)(2)(B) or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
                            December 31, 2008

            Before: BARRY, AMBRO AND SMITH, <u>Circuit</u> <u>Judges</u>

                    (Opinion filed: January 15, 2009)

                              _____

                              OPINION
                              _____

PER CURIAM

    Appellants, inmates at the State Correctional Institution ("SCI") at Graterford,

Pennsylvania, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254 in the Eastern District of Pennsylvania. Appellants claim that the Pennsylvania Department of Corrections violated the law by confiscating their legal material, including certain items related to the Uniform Commercial Code.[1] They seek "unconditional discharge" from prison, or, in the alternative, new trials. The District Court found the petition inappropriate for multi-party treatment because the unique factual situation of each petitioner would have to be considered to resolve the petition; in other words, the materials seized and the impact of that seizure on the reliability of the verdict against each petitioner would have to be assessed. The District Court ordered appellants to file individual habeas petitions by a certain date or face dismissal. Rather than file individual petitions, they appealed from the order. Because we conclude that the District Court lacks jurisdiction to entertain a habeas petition based on the claim presented by appellants, either individually or as a group, we will summarily vacate the District Court's order and direct the court to enter an order dismissing the petition for lack of jurisdiction.

We have jurisdiction under 28 U.S.C. § 1291, and because the issue in this case is purely legal, we exercise plenary review. See Roussos v. Menifee, 122 F.3d 159, 161 n.3 (3d Cir. 1997). Appellants styled their action as a petition for a writ of habeas corpus and

_____

[1] The allegations in the habeas petition offer few factual details. However, Appellants previously brought their claim as a civil rights violation under 42 U.S.C. § 1983. We affirmed the dismissal of that complaint; the circumstances relating to the claim may be found in our opinion. See Monroe v. Beard, 536 F.3d 198 (3d Cir. 2008).

the District Court treated it as such. "The label placed on a petition, however, is not determinative." Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). Although appellants have sought habeas relief by asking for release from prison, there is no connection between their claim of illegal confiscation of legal materials and the fact or duration of their confinement, which is the essence of habeas. Preiser v. Rodriguez, 411 U.S. 475, 484, 500 (1973). Appellants challenge whether the Department of Corrections may declare certain material contraband and confiscate it. As we explained in Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002):

> "[W]henever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge . . . must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."

Appellants' claim has no bearing on the validity of their convictions, nor would a favorable resolution of it result in a speedier release from prison. The claim is essentially a challenge to the conditions of confinement and is properly brought as a civil rights action, which appellants have already, albeit unsuccessfully, done. Therefore, we conclude that appellants' claim is not cognizable under § 2241 or § 2254 and the District Court lacked jurisdiction to consider their petition. In light of this disposition, the motions for an "enforcement order" and to be temporarily removed from SCI-Graterford are denied.

3