BLD-055                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2070
_____

TAYLOR MENDEZ,
                              Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 1:19-cv-00428)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
November 26, 2019

Before:  AMBRO, GREENAWAY, Jr., and BIBAS, Circuit Judges

(Opinion filed: December 6, 2019)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Federal inmate Taylor Mendez filed a habeas petition under 28 U.S.C. § 2241 challenging a prison-imposed restriction on his visitation privileges. Concluding that Mendez could not pursue his claim under § 2241, the District Court entered an order dismissing the habeas petition without prejudice to Mendez's refiling the action as a civil rights matter. See DC Op. at 4 ("[Mendez] seeks injunctive relief in the form of an Order directing the BOP to allow him visitation with his girlfriend. As such, Mendez's petition does not challenge the duration and lawfulness of his confinement, which is the proper use of § 2241 petition."). Mendez appealed.

We have appellate jurisdiction under 28 U.S.C. § 1291. Cf. Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991). Because the District Court decided this matter correctly, see Velazquez v. Superintendent Fayette SCI, 937 F.3d 151, 158 (3d Cir. 2019) (acknowledging Circuit precedent holding "that a petitioner who seeks habeas relief for claims that do not qualify as attacking the fact, duration, or execution of a sentence may not maintain the suit as a habeas action"), we will affirm, see 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).[1]

---

[1] This is not a case where the inmate-plaintiff simply mislabeled his initial filing; Mendez's form-of-action selection was purposeful. See § 2241 Pet. at 1. Under the circumstances, we do not take issue with the District Court's dismissing the so-called habeas petition without prejudice instead of, for example, offering Mendez the opportunity to replead. Cf. Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).