**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2806
_____

TANYA KEYHANI,
                                    Appellant

v.

THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,
doing business as University of Pennsylvania

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-17-cv-03092)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2020
Before:  AMBRO, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion filed: May 1, 2020)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Tanya Keyhani appeals the District Court's grant of summary

judgment in favor of defendant.  Keyhani brought claims of discrimination and retaliation

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., interference and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq., and related state law claims. For the reasons that follow, we will affirm the District Court's judgment.

I.

Keyhani began working as a project manager in the Design and Construction Department of Facilities and Real Estate Services for defendant in 2002.[1] Among other job duties, project managers inspect the progress of project construction sites in person.

On December 10, 2015, Keyhani tripped and fell on a sidewalk while at work. After seeking medical attention, she was cleared for work with sedentary duties that day. The next day, Keyhani reported the accident to the Workers' Compensation Board. She was reevaluated by Dr. David Allan in late December 2015 and was cleared for work without limitations.

In early January 2016, Keyhani sought medical attention for a variety of symptoms, including dizziness, headaches, difficulty concentrating, and forgetfulness. Dr. Kelly Heath, who evaluated Keyhani, noted that she would benefit from working from home with rest breaks throughout the day. Dr. Allan also wrote notes recommending that Keyhani be able to work from home two to three days a week. Keyhani and her supervisor discussed the possibility of her working from home. At the

---

[1] The following facts are taken from the record before the District Court. To the extent that Keyhani's brief seeks to introduce facts beyond that record, she may not raise new issues for the first time on appeal. See Royce v. Hahn, 151 F.3d 116, 125 (3d Cir. 1998).

end of January, she was denied permission to work from home. Keyhani then spoke with the Director of Human Resources about working from home two days a week. She was not authorized to do so, but was permitted to limit her workweek to three days a week. She also discussed FMLA leave with the Director.

Keyhani's workers' compensation claim was approved on February 16, 2016, and she submitted FMLA leave forms soon after.[2] Keyhani began working a three-day week in the office and taking two days off each week; workers' compensation paid for her days off. She testified that she regularly worked on her days off; she was repeatedly told not to do so.

Dr. Allan wrote two notes in March 2016, stating that Keyhani could work three days a week at the office and two from home, or that she could work two additional days in the office if she worked with natural light. Keyhani's office was subsequently moved to a space with natural light. Dr. Heath noted in March and April 2016 that Keyhani could work from home for two days each week, but if that accommodation was not made, she should not work those two days. In June 2016, both of Keyhani's doctors wrote that she could work three days per week if she could control light and sound and have rest breaks every two hours, and defendant permitted Keyhani to wear sunglasses, use noise-cancelling headphones when she was at work, and take rest breaks as needed. Doctors' notes in August and September 2016 added that Keyhani could work from home two days per week in addition to her three-day office schedule.

_____

[2] Keyhani's FMLA leave was approved in June 2016, retroactive to February 2016.

In November 2016, Keyhani was informed that her reduced work schedule had created substantial operational difficulties and that continuing the schedule would be an undue hardship. She then produced a note from Dr. Heath concluding that she could work five days each week for six hours per day. Defendant accommodated this schedule. In August 2017, Keyhani returned to working full-time, continuing to wear noise-cancelling headphones and sunglasses as needed. Keyhani testified at a deposition that she believed her supervisors harrassed her after she began taking leave because of the way that they generally talked to her, because they reassigned several of her projects, and because they would not let her choose which two days each week to take off.

Keyhani initiated an action in the District Court in July 2017. After discovery was complete, defendant moved for summary judgment, which the District Court granted. Keyhani timely appealed after the District Court granted her an extension of time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5).

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment for defendant. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

4

248 (1986).

                                        III.

    We agree with the District Court's grant of summary judgment for defendant.

First, Keyhani did not state a prima facie case of ADA discrimination based on her claim

that defendant failed to provide requested reasonable accommodations.  To establish a

prima facie case of discrimination under the ADA, an employee must show that she: (1)

is disabled; (2) is otherwise qualified to perform the essential functions of the job, with or

without reasonable accommodations by her employer; and (3) has suffered an adverse

employment action as a result of her disability, including her employer's refusal to make

reasonable accommodation for her disability.  Hohider v. United Parcel Serv., Inc., 574

F.3d 169, 186 (3d Cir. 2009).  Once an employee requests a reasonable accommodation,

her employer must assist her in seeking accommodations through a "flexible, interactive

process," id. at 187 (internal citation omitted), and both employers and employees "have

a duty to assist in the search for appropriate reasonable accommodation and to act in

good faith," Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 312 (3d Cir. 1999).

    In this case, the record reflects defendant's good faith efforts to accommodate

Keyhani's requests, based on her doctors' advice.  See id. at 317 ("All the interactive

process requires is that employers make a good-faith effort to seek accommodations.").

Other than her request to work from home two days each week, defendant provided

Keyhani with every accommodation she requested.  Her doctors repeatedly advised that if

Keyhani could not work from home two days a week, she should not work on those days,

                                         5

and defendant promptly arranged for Keyhani to work part-time, with other accommodations, for as long as Keyhani's doctors continued their recommendations. Keyhani's preference for one of the two alternative accommodations provided by her doctors is not sufficient to establish that defendant failed to act in good faith under these circumstances. See Hankins v. The Gap, Inc., 84 F.3d 797, 800-01 (6th Cir. 1996) ("[A]n employee cannot make his employer provide a specific accommodation if another reasonable accommodation is instead provided."). Thus, Keyhani cannot make out a prima facie case of ADA discrimination on this basis.[3]

Next, Keyhani failed to establish a prima facie case of ADA retaliation. A plaintiff asserting an ADA retaliation claim "must establish that his or her protected activity was a but-for cause of [an] alleged adverse action by the employer." See Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 362 (2013) (discussing the elements of a Title VII retaliation claim); Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997) ("[W]e analyze ADA retaliation claims under the same framework we employ for retaliation claims arising under Title VII.").

Keyhani's argument that her employer "retaliated" against her request for a

---

[3] Although Keyhani appeared to raise allegations of disparate treatment under the ADA in the District Court, she does not discuss this issue on appeal. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal"). Further, the District Court correctly granted summary judgment for defendant on Keyhani's hostile work environment claim, see Walton v. Mental Health Ass'n of Se. Pa., 168 F.3d 661, 667 (3d Cir. 1999), which she mentions only once in her appellate brief to make a new argument that was not raised in the District Court, see Royce, 151 F.3d at 125.

reasonable accommodation by declining to provide her preferred accommodation is an attempt to reframe her discrimination claim. She also claims that she was retaliated against because she was not allowed to select her own days off each week, and because projects were reassigned to adjust for her work schedule.[4] However, there is no evidence in the record that defendant's assignment of Keyhani's days off or projects was motivated by any protected activity she took. Rather, the record shows that defendant reasonably shifted her workload to accommodate her reduced work hours, and that Keyhani's doctors did not require her days off to be taken in her preferred order.[5] See Carvalho-Grevious v. Del. State Univ., 851 F.3d 249, 260 (3d Cir. 2017) (explaining that a plaintiff can establish but-for causation "by proffering evidence of an employer's inconsistent explanation for taking an adverse employment action, a pattern of antagonism, or temporal proximity 'unusually suggestive of retaliatory motive,'" or by looking at the

[4] As noted above, Keyhani's brief primarily contains arguments that were not raised in the District Court, which we cannot address.

[5] Keyhani makes no specific arguments on appeal regarding her claims under the Pennsylvania Human Relations Act ("PHRA"), or for FMLA interference or retaliation or workers' compensation retaliation. See Pelullo, 399 F.3d at 222. To the extent that Keyhani challenges the District Court's grant of summary judgment for defendant on those claims, the PHRA and the ADA are interpreted in a co-extensive manner, with the same standards for determining liability. See Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996). Thus, her PHRA claims fail for the same reasons as her ADA claims. Further, Keyhani cannot establish that she suffered any retaliatory adverse employment action because she sought FMLA and workers' compensation benefits, which were granted. See Erdman v. Nationwide Ins. Co., 582 F.3d 500, 508-09 (3d Cir. 2009); Shick v. Shirey, 716 A.2d 1231, 1232 (Pa. 1998). The District Court also correctly concluded that Keyhani could not set out a claim of FMLA interference where she was not denied FMLA benefits. See Capps v. Mondelez Glob., LLC, 847 F.3d 144, 155 (3d Cir. 2017).

record as a whole) (internal citations omitted).

Accordingly, we will affirm the judgment of the District Court.[6]

---

[6] As explained above, we have considered only the record before the District Court in reaching this decision. In light of our disposition, we deny appellee's motion to strike as moot.