**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1905
_____

TAMMY CONKLIN,
Appellant

v.

ABEC INC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5:24-cv-00857)
District Judge: Honorable Gail A. Weilheimer
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 13, 2026

Before: KRAUSE, MASCOTT, and FISHER, *Circuit Judges*.

(Filed: May 1, 2026)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

    Fired from her job, Tammy Conklin sued ABEC, Inc., alleging retaliation and

---

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

interference claims under the Family and Medical Leave Act of 1993 (FMLA).[1] The

District Court granted ABEC summary judgment. Conklin appeals. We will affirm.[2]

First, on the retaliation claim, Conklin argues that the District Court erred because there is a genuine factual dispute as to the existence of a causal connection between her request for FMLA leave and the termination of her employment. Summary judgment is warranted if no material fact is genuinely disputed and the movant is entitled to judgment as a matter of law.[3] To establish a *prima facie* case of retaliation under the FMLA, Conklin must prove that (1) she invoked her right to FMLA leave, (2) she suffered an adverse employment action, and (3) the two are causally related.[4] Here, Conklin invoked her right to FMLA leave when she properly submitted FMLA paperwork to ABEC human resources personnel, and she suffered an adverse employment action when she was terminated. But we agree with the District Court that Conklin failed to adduce evidence from which a reasonable jury could find a causal connection between the two.

We can infer causation when the "temporal proximity" between the FMLA-protected activity and the adverse action is "unduly suggestive."[5] But when the employee

---

[1] 29 U.S.C. §§ 2601–54.

[2] The District Court exercised jurisdiction under 28 U.S.C. § 1331. We exercise jurisdiction under 28 U.S.C. § 1291. We review summary judgment orders *de novo*. *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 395 n.17 (3d Cir. 2016).

[3] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[4] *Ross v. Gilhuly*, 755 F.3d 185, 193 (3d Cir. 2014).

[5] *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 307 (3d Cir. 2012) (quoting *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007)).

"relies upon the brevity of the time periods between the protected activity and alleged retaliatory actions to prove causation," she must also show "that the decision maker had knowledge of the protected activity."[6] Conklin cannot overcome this latter hurdle. Although ABEC terminated Conklin either eighteen or twenty-nine days[7] after she invoked her right to FMLA leave—possibly an unduly suggestive temporal proximity[8]—nothing in the record demonstrates that ABEC's chief operating officer, who made the unilateral decision to terminate Conklin's employment, knew about Conklin's FMLA-protected activity. Conklin did not depose any of the ABEC employees involved in her termination and, perhaps for that reason, asks us to impute constructive knowledge to the decision maker. That does not suffice.[9]

Second, Conklin argues that the District Court erred in granting ABEC summary judgment on the interference claim. However, she forfeited this argument under our

---

[6] *Moore v. City of Phila.*, 461 F.3d 331, 351 (3d Cir. 2006).

[7] ABEC fired Conklin twenty-nine days after she received from HR a letter outlining the process for submitting the required FMLA paperwork and eighteen days after Conklin submitted that paperwork.

[8] "[T]here is no bright line rule as to what constitutes unduly suggestive temporal proximity . . . ." *LeBoon*, 503 F.3d at 233. Such a determination "is essentially fact-based" and "depend[s] . . . on how proximate the events actually were, and the context in which the issue came before us." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000).

[9] We have required actual knowledge rather than constructive knowledge. *See Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir. 1989) (holding that the plaintiff "demonstrated the causal link" by showing "that the discharge followed rapidly . . . upon [defendant's] receipt of notice of" plaintiff's protected activity); *Moore*, 461 F.3d at 351 (requiring "that the decision maker ha[ve] knowledge of the protected activity" (citing *Jalil*, 873 F.2d at 708)).

precedent and practice. A party's failure to "make [an] argument at summary judgment below" forfeits that argument.[10] Forfeiture can occur at summary judgment "even if the party raised [the argument] earlier in the litigation."[11] In her response to ABEC's motion for summary judgment, Conklin failed to challenge ABEC's arguments on the FMLA interference claim. Conklin "cannot renew the [argument] before us," since this Court is not bound to "consider on appeal issues which were not presented to the district court."[12] Therefore, Conklin forfeited her argument on the FMLA interference claim.

Because Conklin failed to show that the decision maker in her termination knew about her FMLA-protected activity, she cannot establish a *prima facie* case of retaliation. Additionally, she forfeited her interference argument. Accordingly, we will affirm.

---

[10] *Bruni v. City of Pittsburgh*, 941 F.3d 73, 84 n.11 (3d Cir. 2019).
[11] *DLJ Mortg. Cap., Inc. v. Stevens*, 167 F.4th 632, 635 (3d Cir. 2026).
[12] *Id.* (quoting *Royce v. Hahn*, 151 F.3d 116, 125 (3d Cir. 1998)).