**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3081
_____

MICHAEL STEVEN GORBEY,
                              Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-20-cv-01364)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2022

Before:  KRAUSE, BIBAS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed October 7, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Michael Gorbey, a federal inmate proceeding pro se and in forma pauperis, appeals the orders of the United States District Court for the Middle District of Pennsylvania denying his habeas petition filed under 28 U.S.C. § 2241 and his subsequent motion for reconsideration. For the following reasons, we will affirm.

I.

On March 14, 2020, while confined at Federal Correctional Institution Estill ("FCI Estill"), Gorbey received a written incident report charging him with "disruptive conduct most likely [the] use of drugs." On March 23, Gorbey received notice that he was to appear before a Disciplinary Hearing Officer ("DHO") regarding the charge. Upon receipt of the notice, he requested a staff representative and three witnesses. Gorbey was subsequently transferred to Lewisburg United States Penitentiary ("USP Lewisburg"), where he had a two-day hearing. During the hearing, Gorbey, who had the assistance of a staff representative, presented documentary evidence and contested the incident report, arguing that his disruptive actions were the result of being attacked by other inmates and reacting to his medication, rather than drug or alcohol use. The DHO denied Gorbey's requests for witnesses after deeming their testimony either adverse or unnecessary. Gorbey was found guilty as charged, received a written report after the hearing, and was sanctioned with, among other things, loss of good time credits.[1]

---

[1] In his pro se brief, Gorbey contends that a reduction of 41 days of good time credits

2

Gorbey then filed a § 2241 petition claiming that his due process rights were violated because (1) he was not given 24 hours' notice of the hearing; (2) the hearing took place on two separate dates; (3) the DHO was not an impartial arbiter; (4) he was denied the staff representative of his choice; (5) he was denied effective representation; and (6) he was prevented from submitting witness testimony. He also claimed that he was actually innocent and that the Bureau of Prisons ("BOP") Code provision under which he was charged was unconstitutional.[2] The District Court denied Gorbey's petition, concluding that he was afforded due process, that there was "some evidence" to support the DHOs' findings of guilt, see Superintendent v. Hill, 472 U.S. 457 (1985), and that the sanctions imposed were within the limits of 28 C.F.R. § 541.3. Gorbey appealed. After he appealed, Gorbey filed a motion for reconsideration, which the District Court denied. He subsequently filed a timely amended notice of appeal to also challenge the District Court's denial of his motion for reconsideration.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). We review the District Court's denial of habeas corpus relief de novo, and we review factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

---

exceeded permissible limits, but we cannot consider that issue because it was not presented to the District Court. See Royce v. Hahn, 151 F.3d 116, 125 (3d Cir. 1998).

[2] Gorbey additionally alleged that his charge was against the weight of the evidence and that his misconduct charge was retaliatory, but he has abandoned those issues on appeal.

We review the denial of a motion for reconsideration for abuse of discretion. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may affirm the District Court's judgment on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Federal prisoners have a liberty interest in statutory good time credits. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974); see also 18 U.S.C. § 3624(b)(1); Vega, 493 F.3d at 317 n.4. Thus, a prison disciplinary hearing that may result in the loss of good conduct time must provide the following due process safeguards, in a proceeding before an impartial decision-making body: (1) at least 24 hours of advance written notice of the charges, (2) an opportunity to call witnesses and present documentary evidence, (3) assistance from an inmate representative if the charge involves complex issues or if the prisoner is illiterate, and (4) a written decision explaining the evidence relied upon and the reasons for the disciplinary action. See Wolff, 418 U.S. at 563–67.

We discern no error in the District Court's denial of Gorbey's petition. Contrary to Gorbey's contentions, he was not entitled to receive notice exactly 24 hours before his hearing. See Wolff, 418 U.S. at 564 (holding that "*no less than* 24 hours[] should be allowed to the inmate to prepare for the appearance" (emphasis added)); 28 C.F.R. § 541.8(c). Although he was not provided with additional notice when he was transferred to another facility, he had already been afforded ample time to "marshal the facts and prepare a defense" prior to his transfer. Id. Even if he were entitled to receive additional

4

notice when he was transferred, Gorbey does not explain how he was prejudiced by the lack of notice. See Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992) (noting that harmless error analysis applies to cases concerning prison disciplinary proceedings). The same is true for his claim that he should have had another opportunity to choose a staff representative after he was transferred, given that the record indicates that he made no specific requests of his assigned staff representative. (ECF No. 23 at 25). His failure to do so also negates his claim that his staff representative did not provide him adequate assistance.

As for Gorbey's claim that the DHO violated his limited right to call witnesses, the District Court properly concluded that the DHO legitimately denied Gorbey's witness requests on the grounds of relevance. See Wolff, 418 U.S. at 566 (1974); Scott v. Kelly, 962 F.2d 145, 147 (2d Cir. 1992) (noting that a prisoner's request for a witness can be denied on the basis of irrelevance). Gorbey did not dispute that he was acting erratically or displaying signs of intoxication; he disputed only the cause of his behavior, which he stated was an adverse reaction to his medication and being attacked by other inmates. Witnesses who did not observe the alleged attack and could not speak to the cause of his actions could not provide relevant testimony. We also conclude that the DHO's decision to continue the proceeding and have "ex parte" contact with requested witnesses does not rise to the level of a due process violation. See Withrow v. Larkin, 421 U.S. 35, 47 (1975); Robinson v. State of New Jersey, 806 F.2d 442, 450 (3d Cir. 1986).

5

Finally, we are not persuaded that BOP Codes 112 or 199 are unconstitutionally vague. See Johnson v. United States, 576 U.S. 591, 594 (2015); Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974) (rejecting the view that "the degree of specificity required of [prison] regulations is as strict in every instance as that required of ordinary criminal sanctions"). Contrary to Gorbey's contentions, it is clear what the regulation prohibits, and 28 C.F.R. § 541.8(f) places limits on the DHO's discretion by requiring the decision to be based on some facts and, where there is conflicting evidence, on the greater weight of the evidence.

Turning to the motion for reconsideration, we note that Gorbey had a proper basis for bringing the motion given that the District Court failed to address some of his claims, see Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010), but any error on the District Court's part in denying it was harmless in light of our foregoing conclusions that Gorbey's claims are without merit.

We will accordingly affirm the judgment of the District Court.